**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH SCHAUB, | |
| Plaintiff, | Civil Action No. 14-5570 (MAS) (LHG) |
| v. | OPINION |
| GEICO INSURANCE COMPANY, et al., | |
| Defendants. | |

**SHIPP, District Judge**

Plaintiff Joseph Schaub ("Plaintiff" or "Schaub") brings this action against Defendants Geico Insurance Company ("Geico") and Plymouth Rock Insurance ("Plymouth"), seeking a declaratory judgment that Geico and Plymouth must provide liability coverage to Plaintiff. Geico moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6.) The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Geico's motion.

**I.    Background**

On or about July 4, 2010, Richard Agosto ("Agosto") was operating a motor vehicle in Keyport, New Jersey, when his vehicle was struck from behind by a motor vehicle operated by Schaub (the "Accident"). (Compl. ¶¶ 1-3, ECF No. 1-2.) Agosto filed a personal injury suit for damages related to the Accident in the New Jersey Superior Court, Law Division, Monmouth County against Schaub, docket number MON-L-2693-12 (the "Underlying Action"). (*Id.* ¶ 4.) At the time of the Accident, Schaub was insured by Progressive Insurance Company ("Progressive")

with $100,000 in liability coverage. (*Id.* ¶ 5.) Additionally, Schaub alleges that, on the date of the Accident, Geico and Plymouth provided liability coverage to relative household members. (*Id.* ¶¶ 7, 9.) A consent judgment was entered in the Underlying Action in favor of Agosto for $250,000. (*Id.* ¶ 11.) Progressive tendered its policy limit, and Geico and Plymouth denied coverage. (*Id.* ¶¶ 12, 13.) On or about April 7, 2014, an "Assignment of Rights" was entered into between Schaub, as the Assignor, and Agosto, as the Assignee (the "Assignment").[1] (Def.'s Statement of Material Facts ("Def.'s SOMF") ¶ 18; Pl.'s Response to Def.'s SOMF ("Pl.'s Response") ¶ 18.) The terms of the Assignment provide:

> I, Joseph Schaub irrevocably assign to you any and all rights and/or claims for liability coverage from Geico Insurance Company under Claim No.: 027701382010129 naming Charlene and John Olsen as insured as well as Plymouth Rock [Insurance] under Claim No.: 252801271028 naming Doreen Schaub as its named insured. I also irrevocably assign you or your attorney to take any and all legal action you deem necessary to determine the coverage obligations of Geico and Plymouth Rock [Insurance] in connection with the motor vehicle accident from which forms the subject matter of the case of Richard Agosto v. Joseph Schaub, et al., Docket No.: MON-L-2693-12.

(Def.'s SOMF ¶ 18.)

On July 31, 2014, Schaub filed a complaint against Geico and Plymouth in the New Jersey Superior Court, Law Division, Monmouth County, docket number MON-L-2947-14. (ECF No. 1-2.) On September 8, 2014, Geico removed the matter to this Court. (Not. of Removal, ECF No. 1.) Geico now moves to dismiss the complaint on multiple grounds, including Schaub's lack of standing due to the Assignment.

---

[1] It appears that, in return for signing the Assignment, Agosto released "any and all claims and rights" against Schaub in connection with the Accident. (Pl.'s Additional Statement of Facts ("Pl.'s ASOF") ¶ 3, Ex. F, ECF Nos. 7-1, 7-7.)

## II. <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear a claim. *See* Fed. R. Civ. P. 12(b)(1).[2] "A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). "The concept of standing is drawn directly from Article III, Section 2 of the Constitution . . . [and] goes to the very heart of a court's subject matter jurisdiction." *In re Franklin Mut. Funds Fee Litig.*, 388 F. Supp. 2d 451, 460 (D.N.J. 2005) (internal citation omitted). The plaintiff must establish the elements of standing, "and 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'" *Ballentine*, 486 F.3d at 810 (quoting *FOCUS v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir. 1996)).

To establish Article III standing a plaintiff must demonstrate that: (1) he is under threat of suffering injury-in-fact that is both "concrete and particularized" and "actual and imminent"; (2) the threat is fairly traceable to the challenged action of the defendant; and (3) it is likely that a favorable judicial decision will prevent or redress the injury. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). The three elements constitute "the irreducible constitutional minimum" of Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). An injury-in-fact is "an invasion of a legally protected interest" that is "concrete and particularized." *Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 762-63 (3d Cir. 2009). This is because Article III "limit[s] access to the federal courts to those litigants best suited to assert a particular claim." *The Pitt News v. Fisher*, 215 F.3d 354, 362 (3d Cir. 2000).

---

[2] Geico brings this motion under Rule 12(b)(6), but because standing is a jurisdictional matter, the Court will review the motion under the Rule 12(b)(1) standard.

"In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). A facial attack takes the facts in the pleadings as true, construed in the light most favorable to the plaintiff, and determines therefrom whether jurisdiction exists. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000), *modified*, *Simon v. United States*, 341 F.3d 193 (3d Cir. 2003); *see also Mortensen*, 549 F.2d at 891; *Lujan*, 504 U.S. at 561. A factual attack, on the other hand, allows the district court to consider evidence outside the pleadings, to which "no presumptive truthfulness attaches," weigh evidence, and shift the burden of proving jurisdiction onto the plaintiff. *Mortensen*, 549 F.2d at 891. In other words, "a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (internal quotation marks omitted) (alterations in original). Standing is a threshold jurisdictional requirement that must be addressed before turning to the merits of the case. *See Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 (3d Cir. 1997).

### III.   Analysis

In the present case, Geico presents a factual attack to this Court's subject matter jurisdiction over the action, arguing that Schaub does not possess the right of action against Geico claimed in this action because Schaub assigned the right to Agosto through the Assignment.[3] (Def.'s Moving Br. 16-17, ECF No. 6-19.)

---

[3] Although Plymouth filed an answer to Plaintiff's complaint instead of moving for dismissal of this action due to lack of standing, the Court has the authority to raise issues regarding subject matter jurisdiction sua sponte. *B & P Holdings I, LLC v. Grand Sasso, Inc.*, 114 F. App'x 461, 465 (3d Cir. 2004) (citing *Kontrick v. Ryan*, 540 U.S. 443 (2004)). Because Geico's arguments regarding lack of standing also apply to Schaub's claim against Plymouth, the Court will consider those arguments with respect to both Geico and Plymouth.

4

Traditionally, when interests are assigned to another, "an assignee is but a substitute for the assignor possessing all of the rights and obligations formerly enjoyed by the assignor." *Amboy Nat'l Bank v. Generali—U.S. Branch*, 930 F. Supp. 1053, 1059 (D.N.J.1996). As this Court has held, "the act of assignment itself extinguishes all of the assignor's rights in everything that is being assigned." *Id.* It follows that, because an assignor has no personal stake in the outcome of the controversy, he lacks standing and cannot invoke the jurisdiction of the federal courts.

Here, the terms of the Assignment clearly state that Schaub "irrevocably assign[ed]" to Agosto "any and all rights and/or claims for liability coverage from Geico Insurance Company under Claim No.: 027701382010129 . . . as well as Plymouth Rock [Insurance] under Claim No.: 252801271028." (Def.'s SOMF ¶ 18.) The Assignment also states that Schaub "irrevocably assign[ed] [Agosto and his] attorney to take any and all legal action [Agosto] deem[ed] necessary to determine the coverage obligations of Geico and Plymouth Rock [Insurance] in connection with the [A]ccident." (*Id.*) Schaub does not challenge that the Assignment is a valid or effective assignment of his rights. Instead, Schaub argues, without support, that this assignment "does not prevent enforcement of the rights which he assigned." (Pl.'s Opp. Br. 5, ECF No. 7-9.) This may be literally true; however, it is Agosto, the assignee, who now has the ability to enforce these rights because Schaub did not retain any rights or claims for liability coverage from Geico or Plymouth under the terms of the Assignment. *See Amboy*, 930 F. Supp. at 1059 (explaining that, under "general assignment principles," an assignor no longer has any interest in the insurance policy it assigned, but the assignee would). Whatever interest Schaub had as to the insurance coverage claims from Geico or Plymouth for the Underlying Action, it has been assigned to Agosto, who is not a party to this suit.[4]

---

[4] Schaub additionally argues that it is appropriate for him to bring this claim because it is consistent with the procedure followed in *Griggs v. Bertram*, 88 N.J. 347 (1982). This argument is misplaced.

5

In sum, pursuant to the clear and unambiguous terms of the Assignment, Schaub "irrevocably assigned[ed] to [Agosto] any and all rights and/or claims for liability coverage" from Geico and Plymouth, including the rights to this litigation. (Def.'s SOMF ¶ 18.) This assignment took place nearly three months before the filing of this action. Therefore, Plaintiff lacks standing to bring this suit, and the Court lacks subject matter jurisdiction over this action. Consequently, Defendant Geico's motion to dismiss is granted, and Plaintiff's complaint is dismissed for lack of standing.

## IV. Conclusion

For the reasons set forth above, Geico's motion to dismiss Plaintiff's complaint for lack of standing is granted. An order consistent with this Opinion will be entered.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: May 27, 2015

---

In *Griggs*, the insured initiated a third-party lawsuit against his insurer, asserting that his carrier was estopped from denying coverage for a personal injury claim. In the precipitating personal injury action, the plaintiff and insured entered into a settlement, which provided that a judgment would be entered in favor of the plaintiff. The plaintiff agreed not to enforce the judgment against the insured, who assigned to the plaintiff his interest in the third-party action, which the plaintiff agreed to pursue against the insurer as the exclusive means of satisfying the judgment stemming from the settlement. *Id.* at 353. The plaintiff, as the assignee of the insured's interests, pursued the insured's claims against the insurer. Here, Schaub is the assignor, and is pursuing the interests of the assignee.